UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICUPITO, et al., | § | |
| | § | MDL No. 1983 |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-2389-B |
| | § | |
| INDIANAPOLIS LIFE | § | |
| INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION

This case involves the sale of allegedly fraudulent insurance policies and is before the Court as a result of a forum transfer from a California federal district court to this Court by the Multidistrict Litigation Panel. Before the Court is Defendant's–Indianapolis Life Insurance Company–Motion to Dismiss Complaint and Brief in Support (docs. 16, 17), filed November 23, 2009. Having considered the pleadings and relevant law, the Court finds the motion should be and hereby is **GRANTED in part** and **DENIED in part**.

I.

BACKGROUND[1]

Plaintiffs in this matter are Michael Ricupito ("Ricupito"), his California corporation (Michael R. Ricupito, DDS, MS, Inc. ("Ricupito, Inc.")), and his defined benefit pension plan (Michael R. Ricupito DDS, Defined Benefit Pension Plan ("Ricupito Pension Plan")). (Compl. ¶¶

---

[1]The background facts are derived from Plaintiffs' Complaint ("Complaint") (doc. 1), filed September 8, 2009.

1-3.) Defendants are Indianapolis Life Insurance Company ("ILIC"), a life insurance company, and John Doe defendants whose identities are unknown at this time. (Compl. ¶¶ 4, 7.) This lawsuit arises from several "VIP" life-insurance policies that ILIC sold to Plaintiffs. (Compl. ¶ 10.) The first insurance policy was entered between Ricupito and Ricupito, Inc. and ILIC in 1998. (Compl. ¶ 10.) During the policy period, Ricupito and Ricupito, Inc. paid premiums of approximately $982,905.05, which were then deducted from Ricupito, Inc.'s state and federal tax returns. (Compl. ¶¶ 11, 14.) The IRS and the State of California Franchise Tax Board ("FTB") later denied all deductions. (Compl. ¶ 15.) As a result, in February 2007, Ricupito and Ricupito, Inc. paid the IRS approximately $367,160.86 and the FTB approximately $79,747 in taxes, penalties, and interest. (Compl. ¶ 17.) In addition, they "incurred substantial legal fees in defending [themselves] from the IRS and FTB." (Compl. ¶ 18.) On or about September 13, 2008, ILIC issued a check to them for $930,787.18 at the end of the policy term. (Compl. ¶ 19.) In addition to the policy purchased in 1998, Ricupito Pension Plan purchased three other insurance policies from ILIC on or about April 21, 2003. (Compl. ¶ 22.) As a result of ILIC's breach of the first insurance policy and false representations, Plaintiffs allege that Ricupito justifiably stopped making payments to the three outstanding policies. (Compl. ¶ 23.)

On September 8, 2009, Plaintiffs filed this lawsuit against Defendants. The Complaint asserts against Defendants four counts: Count One (breach of contract), Count Two (relief based on rescission), Count Three (fraud), and Count Four (negligent misrepresentation). Plaintiffs claim damages arising from certain taxes, interest, penalties, attorney fees, and other losses associated with ILIC's policies. (Compl. ¶ 21.) Plaintiffs allege that ILIC "created . . . and intentionally concealed or misrepresented" the policies. (Compl. ¶¶ 20, 32-34.) Plaintiffs further allege that ILIC–by and

through its agents–marketed life insurance policies and assured Plaintiffs that they would receive tax benefits. (Compl. ¶¶ 12, 33.) The insurance policy, Plaintiffs maintain, was a fraudulent tax shelter. (Compl. ¶ 27.) ILIC failed to disclose the high risk of noncompliance associated with the policies and that the policies had "death benefits unrelated to normal underwriting and needs analysis parameters." (Compl. ¶¶ 32, 34.)

ILIC has moved to dismiss the Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6). Plaintiffs did not file an opposition brief.

## II.

## LEGAL STANDARD

### A.   Law Applicable in MDL Cases

This action is before the Court as a result of a forum transfer by the Multidistrict Litigation Panel. Therefore, as to matters of state law, the Court is bound to apply the state law of the transferor forum. 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure ("Wright & Miller"), § 3866 at 528-29 (2007) (citing *In re Air Disaster at Ramstein Air Base*, 81 F.3d 570, 576 (5th Cir. 1996) and *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) (other citations omitted)). As to matters of federal law, however, the Court applies the law of the transferee court. *Menowitz*, 99 F.2d at 40 (citing *In re Korean Air Lines Disaster*, 829 F.2d 1171, 1175 (D.C. Cir. 1987) (other citations omitted)).

As this case was transferred from California federal district court, the Court applies California state substantive law as to matters of state law. *See* Wright & Miller, § 3866 at 528-29 (and cases cited therein). On the other hand, because pleading requirements are purely matters of federal law, the Court looks to the law of this Court and this Circuit for the controlling Rule 12(b)(6) and Rule

9(b) standards. *See Prudential Ins. Co. of Am. v. Clark Consulting, Inc.*, 548 F. Supp. 2d 619, 623 (N.D. Ill. 2008) (explaining that, as an initial matter, pleading requirements in federal courts are governed by the federal rules and not by state law).

**B.     Rule 12(b)(6) Standard**

In analyzing a motion under Rule 12(b)(6), the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). The motion should be granted only if the complaint does not include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim must be "nudged . . . across the line from conceivable to plausible." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Sw. Bell Tel., LP v. City of Houston*, 529 F.3d 257, 260 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**C.     Rule 9(b) Standard**

A dismissal for failure to plead with particularity in accordance with Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). Rule 9(b) provides, in pertinent part, that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The amount of particularity required for pleading fraud differs from case to case. *See Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003), *modified on other grounds*, 355 F.3d 356 (5th Cir. 2003); *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th

Cir. 1997) (noting that "courts have emphasized that Rule 9(b)'s ultimate meaning is context-specific"). In the Fifth Circuit, the Rule 9(b) standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland Secs. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004). In other words, the complaint must provide "the essentials of the first paragraph of any newspaper story." *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

## III.

## ANALYSIS

ILIC moves to dismiss the Complaint, arguing that Plaintiffs have failed to plead fraud with the requisite particularity under Rule 9(b). According to ILIC, since all the claims are grounded in fraud, they should all be dismissed. In the alternative, ILIC argues that Count One should be dismissed under 12(b)(6).

### A.  Rule 9(b) application to claims based on similar fraud-based facts

As an initial matter, the Court must determine which of Plaintiffs' claims necessitate 9(b) scrutiny. It is well settled that 9(b) applies to Count Three for fraud. Fed. R. Civ P. 9(b). It is less established, however, how far 9(b) extends to claims that are related to similar fraud-based facts. The Court will consider each of the remaining claims in turn.

The Court first analyzes Count Four for negligent misrepresentation. The Fifth Circuit has applied 9(b) to negligent misrepresentation claims "when the parties have not urged a separate focus" between the fraud claim and negligent misrepresentation claim. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (evaluating negligent misrepresentation in the same

manner as fraud in part because both were "based on the same set of alleged facts"); *see also Biliouris v. Sundance Res., Inc.*, 559 F. Supp. 2d 733, 737 (N.D. Tex. 2008) (dismissing negligent misrepresentation claim that was based on the same operative facts as insufficient fraud claim); *Kougl v. Xspedius Mgmt. Co.*, No. 3:04-CV-2518, 2005 WL 1421446, at *5-6 (N.D. Tex. June 1, 2005). Here, Plaintiffs do not urge a separate focus between the two claims and instead, rely on the same factual allegations. Thus, the Court will require 9(b) particularity for the negligent misrepresentation claim.

The Court next turns to Count Two for rescission. Under California state statutory law, a claim for rescission exists where "the consent of the party rescinding . . . was given by mistake, or obtained through duress, menace, fraud, or undue influence, exercised by or with the connivance of the party as to whom he rescinds . . . ." Cal. Civ. Code § 1689(b)(1). Fraud-based rescission has the same elements as fraud, except proof of damages is not required. *Sitrick v. Citigroup Global Markets, Inc.*, No. CV 05-3731, 2009 WL 1298148, at *5 n.14 (C.D. Cal. 2009) (citing *Reed v. King*, 193 Cal. Rptr. 130 (Cal. App. 1983)). The Complaint alleges that "the representations made by [ILIC] were in fact false. The true facts were that the insurance policy as designed was a fraudulent tax shelter. Based upon [ILIC's] false representations [Plaintiffs were] excused from further performance." (Compl. ¶¶ 27, 28.) Because Count Two "sound[s] in fraud", Plaintiffs must satisfy Rule 9(b). *Vess v. Ciba-Geigy Corp.* USA, 317 F.3d 1097, 1102-05 (9th Cir. 2003).

Finally, the Court considers Count One for breach of contract. A careful review of Fifth Circuit law indicates that applying 9(b) to a breach of contract claim is inappropriate. For example, in *Flores v. ASI Computer Technologies., Inc.*, plaintiffs brought multiple claims, including fraud and breach of contract. While applying 9(b) to the fraud claim, the court declined to apply 9(b) to the

breach of contract claim even though plaintiffs alleged that the breach was based on "a false and misleading list of excuses." No. L-06-CV-135, 2007 WL 2900567, at *4 (S.D. Tex. Sept. 28, 2007). *See also Hannover Life Reassurance Co. of Am. v. Baker, Lowe, Fox Ins. Marketing, Inc.*, No. 01-CV-597, 2001 WL 1586874, at *2 (N.D. Tex. Dec. 10, 2001) (analyzing fraud claim under 9(b) and breach of contract claim under 12(b)(6) even though it was alleged that the transaction was entered because of various misrepresentations). In the present case, Plaintiffs allege the breach of contract claim by pleading that the IRS and FTB's denial of tax deductions "[rendered ILIC's] promises of tax deductions false and [constituted] a breach of contract." (Compl. ¶ 15.) Under the same claim, the Complaint later refers to misrepresentations and acts of concealment related to the policies. (Compl. ¶¶ 20, 23.) Despite these suggestions of fraud, the Court is unconvinced that the breach of contract claim warrants 9(b)'s heightened pleading standard. Instead, the Court will review the claim under 12(b)(6).

**B.     Rules 9(b) and 12(b)(6) Analysis**

First, the Court will address the claims dependent on pleading fraud–relief based on rescission, fraud, negligent misrepresentation–under 9(b). Afterwards, the Court will review the breach of contract claim under 12(b)(6). In their Complaint, Plaintiffs allege that ILIC committed fraud by misrepresenting and failing to disclose benefits and risks associated with the insurance policies. More specifically, Plaintiffs allege the following:

1. Plaintiffs are informed and believe and on that basis allege that [ILIC] failed to disclose, either through its agents or in its marketing material, and concealed the fact that the insurance policies sold to Plaintiff's [sic] carried significant risk of being disallowed by the IRS.

2. Plaintiffs are informed and believe and on that basis allege that [ILIC] represented, through its agents and employees, and in its own advertising

> material and brochures, that the plans were qualified and deductible on their tax returns when they in fact knew there was a substantial risk that these representations were false.
>
> 3. Plaintiffs are informed and believe and on that basis allege that [ILIC] failed to disclose and concealed the fact that the insurance policies sold to Plaintiffs had death benefits unrelated to normal underwriting and needs analysis parameters . . . .

(Compl. ¶¶ 32-34.) ILIC argues that Plaintiffs have failed to plead the alleged misrepresentations with the requisite 9(b) particularity to answer the who, what, where, when, how, and why questions. The Court agrees that fraud has not been properly plead and finds that, for the most part, Plaintiffs' allegations are conclusory, vague, or both. In their Complaint, Plaintiffs do not allege "who" made the representations; instead, the Complaint–at best–only states that ILIC "by and through its agents . . . assured Plaintiffs that they would receive tax deductions and other tax benefits." (Compl. ¶ 12.) ILIC argues that Plaintiffs must provide notice by identifying who "inside and outside of their organization may have made the statements to Plaintiffs." (Mot. Dismiss 7.) As mentioned earlier, the rigors imposed by 9(b) vary from case to case. *See Benchmark Elecs., Inc. V. J.M. Huber Corp.*, 343 F.3d at 724. Based on the pleadings alone, it is not an unwarranted leap of logic to assume that Plaintiffs know the names of the agents who made the representations since the Complaint strongly implies that the parties communicated in-person on multiple occasions in order to discuss the insurance policies. On the other hand, it is unclear whether ILIC even knows the identities of the agents. As a result, the Complaint fails to provide proper notice, because it does not adequately answer the question of "who." To the extent known, Plaintiffs must identify by name the ILIC agents who made the alleged misrepresentations.

The "what" requirement has also not been met. While the allegations provide some general

outline of the misrepresentations, the allegations are insufficiently detailed to alert ILIC of the nature of the alleged misrepresentations. Currently, Plaintiffs characterize in general terms the alleged misrepresentations as related to the risk and benefits of the policies and death benefits. (Compl. ¶¶ 32-34.) But they need to address the specific benefits of the policies, the nature of the "substantial risk[s]" that were undisclosed, and details of the death benefits that made them "unrelated to normal underwriting and needs analysis parameters." (Compl. ¶¶ 32-34.) The present Complaint fails to do so and accordingly, does not meet the "what" requirement. *See Williams*, 112 F.3d at 178-79.

ILIC also contends that the Complaint fails to allege the "where," "when," and "how" requirements. Plaintiffs allege that "all of [ILIC's] obligations and acts of commission and omission herein alleged occurred in the county of Alameda, California." (Compl. ¶ 6.) Such an allegation is sufficient to give ILIC notice and meets the 9(b) requirement of "where." Although the Complaint alleges when the contract was created (Compl. ¶ 10.), it fails to provide any dates related to the misrepresentations. Presumably, the alleged misrepresentations were made at meetings, conversations, and the like between Plaintiffs and ILIC (and its agents). The Complaint, however, provides no dates or times related to these alleged misrepresentations and does not adequately address the "when" requirement. In addition, Plaintiffs' allegations do not meet the "how" requirement. As to the first two misrepresentations, Plaintiffs have sufficiently alleged that the representations were made through agents, employees, and "advertising material and brochures." (Compl. ¶¶ 32, 33.) The third alleged misrepresentation regarding the death benefits fails to indicate "how" it was made.

ILIC also argues that the allegations in the Complaint fail to explain "why the statements were fraudulent at the time they were allegedly made." (Mot. Dismiss 9.) In its Motion to Dismiss,

ILIC explains that the Complaint only alleges that ILIC was cognizant of the "substantial risk" associated with its policies, not that the representations about the policies were false at the time they were made. (*Id.*) The Court agrees. Plaintiffs have failed to explain why the misrepresentations concerning the tax advantages, death benefits, and IRS compliance *were false when made*. Rather, Plaintiffs have only described the representations as false in a vague and conclusory fashion.

Finally, ILIC also attacks the fraud pleading, maintaining it is based "upon information and belief." (Mot. Dismiss 6 n.5.) The Fifth Circuit has relaxed the strict 9(b) pleading requirements in certain cases where the alleged fraud was uniquely within the perpetrator's knowledge. *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002). Although this leeway allows for limited pleading upon information and belief, it "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *U.S. ex rel Willard v. Humana Health Plan of Tex.*, 336 F.3d 375, 385 (5th Cir. 2003) (citing *ABC Arbitrage*, 291 F.3d at 350 n.67). Where fraud allegations are premised upon information and belief, the "complaint must set forth a factual basis for such belief." *Id.* Otherwise, the claimants should clarify that they did not have access to the fraud-related facts. *U.S. ex. rel Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003). Plaintiffs have not alleged that certain facts were in ILIC's exclusive knowledge. To the contrary, the current pleadings leave the impression that many allegations plead upon information and belief are within Plaintiffs' knowledge.

In sum, the Court finds that the allegations of misrepresentations and omissions by ILIC fail to satisfy 9(b)'s particularity requirement to plead who, what, when, how and why. Accordingly, the Court **GRANTS** the motion to dismiss Count Three for fraud. As discussed previously, because Count Two for rescission and Count Four for negligent misrepresentation are directly dependent on

the fraud pleading, the Court also **GRANTS** the motion to dismiss those additional two claims.

Next, the Court considers Count One for breach of contract under 12(b)(6). ILIC argues that the claim should be dismissed, because it "does not identify any specific provision of any contract that has been breached" and therefore is conclusory and formulaic. (Mot. Dismiss 6 n.4.) Under California state law, a breach of contract claim is comprised of four elements: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." *Careau & Co. v. Security Pacific Business Credit, Inc.* 272 Cal. Rptr. 387, 395 (Ct. App. 1990) (citing *Reichert v. General Ins. Co. of Am.*, 442 P.2d 377 (Cal. 1968)). Although Plaintiffs have not plead the specific provision breached, no such requirement exists to survive a 12(b)(6) motion. In all other regards, Plaintiffs have plead facts supporting a plausible breach of contract claim that is beyond a mere "formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. Accordingly, the Court **DENIES** ILIC's motion to dismiss Count One for breach of contract.

## IV.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS in part and DENIES in part** Defendant ILIC's Motion to Dismiss Complaint (doc. 16). The Court **GRANTS** the Motion to Dismiss as to Count Two, Count Three, and Count Four of Plaintiffs' Complaint. The Court **DENIES** the Motion to Dismiss as to Count One.

As with many of the other cases in this MDL action involving motions to dismiss, Plaintiffs will be given the opportunity to amend their complaint. Opportunities to amend are appropriate where it appears that more careful or detailed drafting might overcome the deficiencies on which

dismissal is based. *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (noting that a court may dismiss a claim for failing to comply with Rule 9(b), but "it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead particularity after being afforded repeated opportunities to do so."); *Hitt v. City of Pasadena*, 561 F.2d 606, 608-09 (5th Cir. 1977) (observing that a complaint should only be dismissed under Rule 12(b)(6) "after affording every opportunity for the plaintiff to state a claim upon which relief can be granted.").

If Plaintiffs are able to replead any Counts to overcome all of the grounds stated herein for dismissal, they should do so by no later than twenty (20) days from the date of this Order. Further, any repleading shall be accompanied by a synopsis of no more than five (5) pages, explaining how the amendments overcome the grounds stated herein for dismissal. Should Plaintiffs replead, Defendant ILIC is hereby granted leave to file a response to Plaintiffs' synopsis. Any such response shall not exceed five (5) pages and must be filed within ten (10) calendar days of the repleading. No further briefing will be permitted.

**SO ORDERED.**

**DATED: September 30, 2010**.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE